Nick Heimlich (SBN 233232)
Law Offices of Nicholas D. Heimlich
900 Lafayette Street, Suite 509
Santa Clara, CA 95050
Tel: (408) 457-9364
Fax: (408) 841-7630
Eml: nick@nickheimlichlaw.com

Attorneys for Plaintiff, Chris Novak

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CHRIS NOVAK, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>NANOLOGIX, INC., an Ohio Corporation<br><br>AND DOES 1-100, INCLUSIVE;<br><br>Defendants. | Case No. 5:13-cv-01971-PSG<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW COMES Plaintiff, Chris Novak ("Novak" or Plaintiff), through its attorney, and for its Complaint against Defendant, NANOLOGIX, INC., ("NANOLOGIX, INC." or Defendant), and DOES 1 through 100, inclusive alleges as follows:

### THE PARTIES

1. Plaintiff, Chris Novak, is an individual who resides and works in California, Santa Clara County.

2. Upon information and belief, Defendant, NANOLOGIX, INC., is a corporation organized under the laws of the State of Ohio.

1  3. The true names and capacities, whether individual, corporate, associate or
2  otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at the
3  present time.  On information and belief, all DOES 1 through 100 are involved in each
4  and every cause of action.  Plaintiff therefore sues said Defendants by such fictitious
5  names and will seek leave of Court to amend this Complaint to set forth their true names
6  and capacities thereof, when the same has been ascertained.
7  4. Defendants, and each of them, were and are the agents, servants,
8  representatives, and/or employees of each of the other Defendants herein, and were at all
9  times acting within the course and scope of such agency, representation and employment
10 and with the permission and consent of each of said Defendants.
11 5. Plaintiff is informed and believes, and upon such information and belief
12 alleges, that each of the Defendants, including DOES 1 through 100, inclusive, were, at
13 all times herein mentioned, acting in concert with, and in conspiracy with, each and every
14 one of the remaining Defendants.
15 6. Wherever appearing in this Complaint, each and every reference to
16 Plaintiff or Defendants and to any of them, is intended to be and shall be a reference to all
17 such parties hereto, and to each of them individually and collectively, named and
18 unnamed, including all fictitiously named Defendants, unless said reference is otherwise
19 specifically qualified.  Any reference to either Plaintiff or Defendants whether singular or
20 plural shall refer to all Plaintiffs or Defendants as applicable.
21
22 **NATURE OF ACTION**
23 7. This is an action for breach of contract.  Plaintiff and Defendant entered
24 into a Retainer Agreement on or about January 30, 2008, which Defendant breached by

failing to pay for services rendered by Plaintiff both in cash and in stock that was to be issued to Plaintiff.

8. Defendant purposefully directed its action into this district by entering into two contracts with Plaintiff and engaging in an ongoing business relationship with Plaintiff. The amounts involved are approximately $600,000 and/or according to proof, so Defendant actions were substantial and not minor and were purposeful in their intent to direct and avail themselves of the benefit of entering into a contract in this district.

9. Defendant should have known by their failure to honor the contracts made that it would be reasonable to be subject to suit here in this district, given that Plaintiff has always been a resident of this district and it was clearly foreseeable that Defendant's actions in breaching these contracts would directly lead to Plaintiff's harms in this district.

## JURISDICTION

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, because NOVAK and NANOLOGIX as citizens from different states, namely, California and Ohio, respectively. The two contracts entered into between Plaintiff and Defendant, which Defendant breached have caused damages in excess of $600,000 to Plaintiff, not including costs, interest, or attorney's fees.

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Defendant's actions of failing to remit funds to Plaintiff occurred in this judicial

1   district, and were a consequence of Defendant's purposeful direction and entering into
2   contracts (namely the RETAINER AGREEMENT) with Plaintiff in this jurisdiction.  It
3   was Defendant's purposeful actions that generated and caused this action to arise in this
4   judicial district.

**INTRADISTRICT ASSIGNMENT**

6   12.   This action arises in Santa Clara County, California, as Plaintiff, who has
7   suffered the injury and is the party that Defendant harmed is located in Santa Clara
8   County, California.  Pursuant to U.S. District Court, Northern District of California, Civil
9   Local Rules 3-2, this action shall be assigned to the San Jose Division, because it arises in
10  Santa Clara County.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT, COUNT 1- Software Support Services Agreement**

13  13.   Plaintiff re-alleges, adopts, and incorporates by reference each and every
14  allegation contained above, as if the same were fully set forth herein.
15  14.   Plaintiff and Defendant entered into a retainer agreement on or about
16  January 2008, the substantial terms of which were in exchange for payment in cash and
17  stock from Defendant to Plaintiff, Plaintiff would provide services to Defendant.
18  15.   Defendant breached the agreement by failing to pay the invoiced amounts
19  due under the agreement, namely approximately $600,000.
20  16.   Plaintiff has performed all obligations to Defendant which were for
21  Plaintiff to provide its services, except those obligations Plaintiff was prevented or
22  excused from performing.

17. Plaintiff suffered damages legally (proximately) caused by Defendant's breach of the agreement as follows: namely approximately $600,000, with interest based upon California Civil Code Sections 3287, and 3289.

18. If Plaintiff is the prevailing party, it requests costs pursuant to California Code of Civil Procedure Section 1032.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to:

1. Award monies for all invoices owed under the Software Supports Services Agreement, namely approximately $600,000, plus interest, including prejudgment interest, interest during this suit and postjudgment; AND

2. To award Plaintiff its costs and prejudgment interest on all damages; AND

3. To award Plaintiff its attorney's fees; AND

4. To award Plaintiff all punitive damages; AND

5. Other legal and equitable damages which will be further ascertained through discovery and trial; AND

6. That Plaintiff be awarded such other and further relief as may be just and appropriate.

## JURY DEMAND

Plaintiff, Chris Novak, hereby demands a trial by jury of all issues so triable.

Dated: _____04/30/2013_____

Respectfully submitted,

/s/
Nick Heimlich, Attorney for Plaintiff
Chris Novak