**Christopher Novak, Esq.**
1269 Karie Ann Way, San Jose, CA 95118
Phone: C: 408-396-7567;   Fax: 408-978-4868

2008.01.30

Bret Barnhizer
NanoLogix, Inc.
843 North Main Street
Hubbard, Ohio 44425,

Re: Engagement of Legal Services

Dear Mr. Barnhizer:

This document sets out details of our relationship, our agreement for legal services to be provided, and fees and costs relating to such services. This agreement will not take effect, and I will have no obligation to provide legal services, until this agreement is fully executed and I receive the fully executed agreement.

The legal services to be provided by me are limited to matters involving United States Federal law, specifically, federal trademark, copyright, and patent law. In particular, the specific work may involve patent mining, reviewing invention disclosures, talking with inventors, performing prior art studies, drafting patent applications, writing patent applications, filing and prosecuting patent applications. My services under this agreement do not include issues dealing with Ohio state law, such as advising on or obtaining business licenses, permits, bonds, or insurance; reviewing proposed leases, employment agreements, trusts and estates, personal injury, or drafting buy-sell agreements. If you wish to pursue matters involving Ohio state law, please utilize local counsel. My services under this agreement also do not cover other federal legal issues such as SEC, anti-trust, RICO, etc. Any other services you wish me to provide will be subject to a separate written agreement between you and me. If I have the opportunity, I would be interested in sitting for the Ohio bar, which would then allow me to perform services involving Ohio state law.

I will perform the legal services called for under this agreement; keep you informed of progress and developments, and respond promptly to your inquiries and communications. You will cooperate with me to the extent necessary to complete the services described in this document; keep me reasonably informed of developments, changes in your legal status, and your address, telephone numbers, and whereabouts; and timely make any payments required by this agreement.

I understand that Eckert, Seamans, Cherin & Mellott maintain a case file including copies of all papers that I provide to you for work I perform under this agreement, and maintain a docket for legally significant dates for work I perform under this agreement, including dates for filing patent applications and other papers in the United States Patent and

Trademark Office, for informing you of any legally significant dates involving any patent application under this agreement. I voluntarily provide you with a docket that I maintain, as a non-binding gratuity. In the event that I am unable to perform legal services under this agreement for unforeseen circumstances, such as serious illness, death, or technical failure, you will promptly seek other legal counsel to perform any required legal services remaining under this agreement.

You will pay me attorney fees for the legal services provided under this agreement at a rate of <u>seven-thousand eight-hundred dollars per month ($7800.00/mo.), three-hundred forty ($340) of which is for health insurance reimbursement, and four-thousand dollars worth ($4000.00) of restricted NanoLogix, Inc. stock per month to be invoiced and paid on a quarterly basis on a price basis of a monthly average of the high and low that month,</u> with any portion of any month completed reimbursed on a pro-rata basis. The legal services provided include an average minimum of 139 hours per month, tracked as either 0.1 hour or 50 minute-hour increments. I will charge for all activities undertaken in providing legal services to you under this agreement, including but not limited to the following: conferences (including preparation and participation), review and preparation of correspondence and legal documents, legal research, and telephone conversations.

In addition to paying fees for legal services under this agreement, you will reimburse for all costs I incur on your behalf in rendering such services. These costs include but are not hinted to the following: all postage, telephone tolls, invoice cost for outside vendor photocopying charges, express delivery charges, travel expenses, filing fees, and other similar costs.

I will send monthly statements to you indicating attorney fees and costs incurred and their basis, any amounts applied from client trust account deposits, and any current balance owed. You must pay any balance in full within 30 days after the statement is mailed. Any balance remaining unpaid after 30 days will bear interest at the rate of one percent per month but in no event higher than the maximum interest permitted by law.

I have not been retained to provide you with any tax advice concerning this matter. Therefore, you should consult with your tax advisers about this matter and have them contact me so that I can coordinate my services with theirs, consistent with your stated objectives.

Should any litigation or arbitration with a third-party arise from the legal services or subject matter that I provide, you agree to indemnify me against all liability, damage, loss, or expense (including reasonable attorneys, fees and expenses of litigation) incurred by or imposed upon me in connection with any claims, suits, actions, demands, or judgments therefrom. This indemnity will not be deemed excess coverage to any insurance or self-insurance Licensor may have covering a claim. Your indemnity will not be limited by the amount of your insurance.

If any dispute arises between the parties to this agreement regarding allegations of attorney malpractice, the parties agree that the dispute will be resolved by <u>binding arbitration without recourse</u> in <u>Warren, Ohio</u>, and will be decided by three arbitrators appointed as set forth below:

*Novak – NNLX 2008-01-26*  2 / 4

(1) Within 30 days after notice by either party to the other requesting arbitration and stating the basis of the party's claim, one arbitrator will be appointed by each party Notice of the appointment will be given by each party to the other when made. If the other party fails to designate an arbitrator within the agreed time, the arbitrator appointed by the first party shall serve as sole arbitrator.

(2) When each party has appointed an arbitrator, the two arbitrators will immediately choose a third arbitrator to act with them, If the two arbitrators fad to select a third arbitrator within ten days after the second arbitrator is appointed, at the request of either party, the additional arbitrator will be promptly appointed by the <u>Ohio State Court</u> for the <u>County of Trumbull, Ohio,</u> The party making the application for the additional arbitrator will give the other party ten days notice of the application.

All reasonable expenses incurred in the arbitration proceedings or in subsequent court proceedings to enforce the arbitration award, consisting of all fees and costs attributable to the arbitration or enforcement Proceedings (including attorney fees, fees of expert witnesses, and arbitrator fees), will be awarded to the prevailing party. If a party either dismisses or abandons their claim or counterclaim before the rendering of an arbitrator's award and after commencement of the arbitration hearing, the other party will be considered to be the "prevailing party" under this agreement.

If both parties receive an award on their respective claims, the party in whose favor the larger award is rendered will be considered to be the "prevailing party" under this agreement.

At any time after the initiation of proceedings under the arbitration provisions of this agreement and not less than 30 days before the date set for commencement of the hearing, any party may serve a written offer on any other party to allow an award to be entered in accordance with the terms and conditions stated in the written offer. If the offer is accepted, the offer (together with the written acceptance of the offer) will be submitted to the arbitrator and an award will be entered in the same manner and with the same effect as if the award had been rendered after a full hearing before the arbitrator, If no written acceptance of the offer is served within 15 days before the date set for the commencement of the hearing or within 20 days after the offer is mailed (whichever occurs first), the offer will be considered to have been withdrawn and cannot be given in evidence at the arbitration hearing. If the party receiving the written offer fails to obtain a larger monetary award or more beneficial arbitration award than that contained in the offer, the party to whom the offer was made must pay to the offering party,, the offering party's fees and costs (including attorney's fees, fees of expert witnesses, and arbitrator fees). The offering party's fees and costs must be included in the arbitration award except to the extent that the arbitrator determines, based on clear and convincing evidence, that such fees and costs are unconscionable.

NOTICE: By initialing in the space below, you are agreeing to have any malpractice claim arising from any and all matters relating to the legal services rendered decided by neutral arbitration as provided by <u>Ohio law,</u> and you are giving up any rights that you might possess to have the dispute litigated in a court or jury trial. By initialing in the space below, you are giving up your judicial rights to discovery and appeal unless such rights are specifically included above. If you refuse to submit to arbitration after

*Novak – NNLX 2008-01-26*   3 / 4

agreeing to this provision, you may be compelled to arbitrate under the authority of the Ohio Code of Civil Procedure. Your agreement to this arbitration provision is voluntary.

I have read and understand the foregoing and agree to submit disputes arising from the matters included in this paragraph to neutral arbitration.

Chris Novak:  
Initial: _CN_

Bret Barnhizer:  
Initial: _BB_

It is my policy to retain and ultimately destroy all, files, documents, records, and writings related to each engagement for which I have been retained, without notifying clients or former clients of the destruction of these items. Therefore, to be certain that I have not retained any material that you may need or desire, I will return to you all original documents, or copies thereof that you made available to me (together with copies of any other files, documents, records and writings relating to this engagement) if you instruct me in writing within 90 days after my mailing a letter to you informing you that I have completed my services within the terms of this agreement.

I reserve the right to withdraw from representing you if you fail to follow the terms of this agreement, you have misrepresented or failed to disclose material facts to me, or von choose not to follow my advice. If I am required to file a motion to withdraw as your attorney, you agree that any of the above items will constitute good cause for withdrawal. Good cause for withdrawal will also include any circumstance that would render my continuing representation unlawful or unethical. You retain the right to terminate me as your attorney at any time, in which case I ask to be advised of sour decision in writing. Upon termination, you will be responsible for the balance due to me for costs and services rendered to the time of termination.

Upon execution of this agreement, I will commence rendering the legal services outlined above.

_____  
Christopher Novak

2008-02-25  
Date

CONSENT

The undersigned has read the foregoing terms for the provision of legal services by Christopher Novak and agrees to these terms and conditions,

_____  
Bret Barnhizer,  
CEO NanoLogix, Inc.

2-22-08  
Date:

*Novak – NNLX  2008-01-26*        4 / 4